HELEN LEBRIGHT, an Infant, by JOHN LEBRIGHT, Her Guardian ad Litem, and Another, Appellants, *v.* WILLIAM H. GENTZLINGER, Respondent.

First Department, April 24, 1931.

*Philip Lerman*, for the appellants.

*Clarence S. Zipp* of counsel [*E. C. Sherwood*, attorney], for the respondent.

O'MALLEY, J. Two actions were consolidated and tried together. In the first the infant plaintiff, through her guardian *ad litem*, sought damages for personal injuries alleged to have been sustained by reason of the defendant's negligence. In the second, the father plaintiff sought recovery for loss of services of the infant and for moneys expended for medical care.

The father plaintiff was a tenant in premises owned by the defendant. The infant plaintiff was injured by the fall of a flush tank in a toilet on the fifth floor of the defendant's premises, which toilet was used in common by the infant plaintiff's family and another tenant. The tank fell while the infant plaintiff was using the toilet and as she pulled the flush chain, and while seated on, or in the act of arising from, the toilet seat.

The plaintiffs offered evidence tending to show both actual and constructive notice of a defective condition. This evidence was to the effect that for at least two months prior to October 18, 1926, the date of the accident, the tank had been leaking, and plaster surrounding it had been breaking off all around the box and falling to the floor on the occasions when the flush chain would be operated. Water leaked to such an extent that pails had to be placed on the floor.

Notice of this condition was given to the defendant's janitor and as a result, about a month prior to the date of accident, repairs were made. Plaintiffs' evidence was to the effect that the old tank was replaced, while the defendant contended that an entirely new tank was substituted. This was a minor issue, the over emphasis of which resulted in error requiring a new trial.

The repair work, whatever its nature, was performed by a plumber engaged by the defendant and the work was completed on September 14, 1926. The workman in charge of the repairs gave evidence on behalf of the defendant tending to show that the work was properly done and that when he finished, the tank no

longer leaked. He testified that the bottom of the tank rested on a wooden cleat and that he secured the tank to the wall by means of a two and one-half-inch screw that penetrated through the metal lining of the box and through the plaster and lath so that at least one inch of the screw extended into the studding.

Plaintiffs' evidence, on the other hand, tended to show that after repairs were made, practically the same conditions that obtained prior to the time the tank was taken down and replaced, continued; that the tank still leaked and plaster continued to fall and that notice of such condition was again given to the defendant or his agent, the janitor, who promised to send a man to fix it. Such promise was not complied with. The defendant in his own behalf, testifying on direct examination, stated at one point that the day before the accident he had notice from the janitor of a complaint that the tank was loose; but later he testified that such notice did not come to him until after the tank had fallen.

In the main charge the jury were instructed, without objection on behalf of the defendant's counsel, that if the plaintiffs had satisfied them that the defendant had notice of the " defective condition of this toilet and that that fell down, and that subsequently complaint was made again to the janitor that it was still leaking, and that plaster was falling on the floor, and, if then, on the day in question," the infant plaintiff " was using that toilet and was injured, as she stated, by it falling down, coming loose and striking her on the nose, then you may find in favor of the plaintiff." Under the charge as thus given we are of opinion that the plaintiffs' evidence was sufficient to warrant the jury in imposing liability upon the defendant.

The appeals are predicated upon the claim of erroneous and prejudicial instructions given by the court in other parts of the charge and at the close of the main charge. As already observed, plaintiffs' evidence tended to show that the old tank was replaced when repairs were made, while the defendant's evidence tended to show that an entirely new tank was installed. In referring to this issue in the main charge the learned trial justice stated: " Now the plaintiff claims that it was the same box that had fallen down after this complaint, before the child was struck, or became detached in some way — not detached — but loosened. That is what the plaintiff claims, and also it continued to leak, and the defendant was again given notice. On the other hand, the defendant's version is that he furnished a new box and the defendant's testimony is concentrated on that point because, whether we like it or not, *liability would not attach* to the landlord here *if he furnished a new box* and made a contract with the plumber to put it up, and the

plumber did not do it in a workmanlike way. The law could not hold the landlord under such circumstances." (Italics ours.)

Plaintiffs' counsel excepted to that portion of the main charge wherein the court stated "that if the jury find that the plumber was negligent the landlord is not liable," and asked a further charge in connection therewith. In reply the court stated: "That was merely by way of illustration, and I charge the jury what is the *fundamental question* in this case and repeat it now, that if the plaintiff satisfied the jury that if the water box which fell, hitting the child, was the *same* one which had fallen down before, and the defendant had received notice again after it was replaced the first time, then they may find for the child. The other is a matter of illustration based upon the defendant's version of what happened, that is, as to the plumber's negligence in installing a new water box." (Italics ours.)

To this plaintiffs' counsel duly excepted and requested the court to charge the jury that "where the landlord undertook to let that work out to a contractor to make repairs, and by so doing delegated that work to the plumber, that he does not thereby relieve himself of his liability as the primary person who owes the duty." This request was refused and exception duly taken.

This view of the law as finally charged was apparently predicated upon the theory that plaintiffs were bound by their theory of the case; and inasmuch as they claimed the old tank was again used on the occasion that repairs were made, that no liability would attach to the defendant if the jury were satisfied he replaced the old tank with a new one.

Our conclusion is that this was an erroneous view of the law applicable. The installation of another tank, whether new or old, in place of the one removed, was not the full measure of defendant's duty. He was still obligated to exercise reasonable care to inspect the work done and to again repair, if given notice of subsequent defects. Here he had actual notice some three weeks prior to the accident that the defects originally complained of still persisted. His duty in the premises was not affected merely by reason of the fact that he had used a new flush tank.

Under that portion of the main charge first above quoted, the jury were instructed that upon the plaintiffs' evidence, if believed, they might find a verdict against the defendant. No exception having been taken thereto, such became the law of the case.

Under that portion of the charge excepted to by plaintiffs' counsel and under the request made by him and refused, the jury might well have found that the conditions which first led to the repairs of the tank, continued after repairs were made and were

the cause of the tank's fall, and yet have found against the plaintiffs on the theory that the defendant would not be liable simply because he used a new instead of an old tank.

It follows that the judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.